Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| IN RE: | CASE NO. 2:16-bk-20545 |
|---|---|
| PATRICK LAWRENCE COTTRELL, | CHAPTER 13 |
| Debtor. | JUDGE FRANK W. VOLK |

### ORDER BARRING DEBTOR FROM RE-FILING FOR A PERIOD OF 180 DAYS

This matter is before the Court on requests by both the Chapter 13 Trustee (doc. 51) and creditor Fifth Third Mortgage Company (doc. 52) to bar the Debtor from re-filing a future bankruptcy case for 180 days.

Mr. Cottrell filed the instant Chapter 13 case on September 27, 2016. During the pendency of his case, he failed to attend three scheduled 341 meetings of creditors, he did not file required documents (including schedules, the statement of financial affairs, and a Chapter 13 plan), he did not remit *any* plan payments to the Chapter 13 Trustee, and he did not provide his tax returns as required by the Bankruptcy Code. The Chapter 13 Trustee filed a Motion to Dismiss the case (doc. 16), which was first heard on November 30, 2016. At that time, Mr. Cottrell represented that he had schedules he was prepared to file that day, and the Court agreed to set a third 341 meeting while taking the Trustee's Motion to Dismiss under advisement. The Court urged Mr. Cottrell to abide by the Bankruptcy Code and prosecute his case seriously.

The Motion to Dismiss came before the Court again on December 14, 2016. Mr. Cottrell had still not filed schedules at that time and failed to appear at the third scheduled 341 meeting of creditors. The Court granted the Motion to Dismiss and noted that it was considering a bar to re-filing. The Court allowed any interested party until January 14, 2017 to file a

pleading regarding the re-filing bar.  Both the Chapter 13 Trustee and Fifth Third Mortgage Company (Fifth Third) filed memoranda in support of a bar to re-filing.

**I.**

**A.  Facts**

The instant case is Mr. Cottrell's fifth Chapter 13 filing within four years.  The previous cases are listed herein:

| Case No. | Date Filed | Date Dismissed/Closed |
|---|---|---|
| 13-20000 (Ch. 13, converted to Ch. 7) | January 2, 2013 | Closed October 1, 2013 |
| 14-20013 (Ch. 13) | January 15, 2014 | Dismissed June 16, 2014 |
| 15-20466 (Ch. 13) | September 8, 2015 | Dismissed December 3, 2015 |
| 16-20132 (Ch. 13) | March 15, 2016 | Dismissed May 4, 2016 |

The first case was eventually converted to a Chapter 7 proceeding in May of 2013.  During the pendency of that case, Mr. Cottrell admitted in an agreed order with Fifth Third that he was in arrearages on his mortgage to the bank in the amount of $11,783.94. Mr. Cottrell claimed that he would do one of the following: he would pay that sum on or before November 15, 2013, he would apply for a loan modification, or he would re-convert to a Chapter 13 case.  Because he failed to perform any of those tasks, the automatic stay with respect to Fifth Third automatically lifted.  Mr. Cottrell received a discharge on August 27, 2013, and the case was closed soon after.

In his second case, Mr. Cottrell did not file schedules or a Chapter 13 plan.  He also failed to make any payments to the Chapter 13 Trustee.  Mr. Cottrell had filed the case to ostensibly halt a foreclosure sale that had been scheduled for his residence.  The case was eventually dismissed on motion by the Chapter 13 Trustee for failure to file a Chapter 13 plan

and the foreclosure process resumed. A foreclosure sale was set for September 8, 2015.

Mr. Cottrell filed the third case on the day of the foreclosure sale. Again, he did not file schedules or a Chapter 13 plan, nor did he file a credit counseling certificate. He also failed to make any payments to the Chapter 13 Trustee. The case was eventually dismissed for failure to file documents.

Finally, in the fourth case, Mr. Cottrell, true to his pattern, did not file schedules or a Chapter 13 Plan. Nor did he make any payments to the Chapter 13 Trustee. The case was eventually dismissed on motion by the Chapter 13 Trustee for failure to file a Plan, schedules, and a credit counseling certificate. Mr. Cottrell did eventually file a credit counseling certificate outside the allotted time period contained in 11 U.S.C. § 109(h). After dismissal, a foreclosure sale was set for September 27, 2016.

The instant case was filed again on the day of the scheduled foreclosure – September 27, 2016.

Mr. Cottrell has also failed to pay the filing fee in four of his five cases, for a total outstanding filing fee obligation of $1,211.

Fifth Third has an interest in this case based on a loan it extended to Mr. Cottrell in May of 2003. The note is secured by real property at 1231 Edgewood Drive, Charleston, WV 25302. As of October 5, 2016, Mr. Cottrell was in arrears in the amount of $18,955.01, plus an escrow shortage of $677.38. He has not made a full payment since October of 2014. During the pendency of the instant case, Fifth Third motioned for *in rem* relief from the automatic stay.

**II.**

### A. Legal Standard

Section 109(g)(1) allows a court to bar a debtor from re-filing a bankruptcy case for 180 days, if "the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case . . . ." 11 U.S.C.S. 109(g)(1). This 180-day filing ban is "an extraordinary remedy for perceived abuses of the [Bankruptcy] Code." *Houck v. Substitute Trustee Servs.*, 791 F.3d 473 (4th Cir. 2015)(quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991) (internal quotation marks omitted). "Willful," although not defined in the bankruptcy code, has been interpreted as meaning "deliberate or intentional." *Denisar v. Payne*, No. 5:12cv00090, 2013 U.S. Dist. LEXIS 10047, at *9 (W.D. Va. Jan. 25, 2013) (quoting *Walker v. Stanley*, 231 B.R. 343, 347-47 (N.D. Cal. 1999) (citing *In re Herrera*, 194 B.R. 178, 188 (Bankr. N.D. Ill. 1996))). Failing to make a Chapter 13 Plan payment or missing a single hearing or 341 meeting of creditors does not rise to the level of "willful." *Id.* However, courts have interpreted repeated conduct as deliberate conduct. *Id.* And, importantly, "the court will infer from a pattern of dismissals and re-filing in unchanged circumstances willful failure to abide by orders of the court and an abuse of the bankruptcy process which this amendment was designed to prevent." *Id.* at *10 (quoting *Walker*, 231 B.R. at 348 (quoting *Hererra*, 194 B.R. at 189 (quoting *In re Nelkovski*, 46 B.R. 542, 545 (Bankr. N.D. Ill. 1985)))).

For example, in *Colonial Auto Ctr. V. Tomlin (In re Tomlin)*, 105 F.3d 933 (4th Cir. 1997), the debtor failed to attend the initial creditors meeting and did not file schedules. The Fourth Circuit in that case described these actions as constituting "an abuse of the protection afforded her by the bankruptcy system." *Tomlin*, 105 F.3d at 941. Furthermore, "[h]er purpose seemed clear; by continuously filing petitions, the automatic stay prevented foreclosure action on

her home." *Id.* Importantly, the Fourth Circuited noted that the *Tomlin* debtor's behavior was "the very behavior for which Congress formulated § 109(g)." *Id.*

### B. Analysis

In the present case alone, Mr. Cottrell has demonstrated behavior satisfying the requirements of section 109(g)(1). He filed his case on the day of a scheduled foreclosure sale. He failed to attend three scheduled 341 meetings of creditors. He did not file schedules or a Statement of Financial Affairs. He did not file a Chapter 13 Plan. He did not appear at the hearing on December 14, 2016, during which the Court ruled on the Chapter 13 Trustee's Motion to Dismiss Case. Two parties – the Chapter 13 Trustee and Fifth Third Mortgage Company – have filed memoranda in support of a 180-day bar to re-filing. Since the instant Chapter 13 petition was filed, Mr. Cottrell has shown a lack of dedication to proper prosecution of his case and has subsequently brought himself within the purview of 11 U.S.C. § 109(g)(1).

Even more troubling to this Court is the flagrant disregard for the bankruptcy process as shown by Mr. Cottrell's repeated skeletal filings on the eves of foreclosure sales. Four out of his five most recent filings were commenced to halt foreclosure proceedings. Mr. Cottrell filed these cases and then took no action to properly abide by the Bankruptcy Code. He filed neither schedules nor Chapter 13 Plans. He never made payments to the Chapter 13 Trustee, which are supposed to commence thirty days after filing and has not paid the filing fee in any of his last four cases.

Mr. Cottrell's repeated filings and repeated failure to abide by the Bankruptcy Code evidences deliberateness, and his blatant disregard of the reorganization procedure demonstrates willfulness. This Court will infer from his actions an abuse of the bankruptcy

process. His behavior, as the *Tomlin* Court would say, is the very behavior for which Congress formulated section 109(g)(1).

### III.

Mr. Cottrell's pattern of filings, especially on the eve of foreclosure sales, combined with his failure to file schedules and a Chapter 13 Plan in most of his previous cases demonstrate willful failure to abide by orders of this Court. Also troubling is his lack of attendance at three scheduled 341 hearings. For these reasons, the Court finds that section 109(g)(1) applies to Mr. Cottrell. Thus, it is

**ORDERED** that Mr. Patrick Lawrence Cottrell, the above-listed Debtor, be and is hereby barred from filing another bankruptcy case under this title for 180 days from the entry of this order.

The Clerk's office is directed to serve this order on the Chapter 13 Trustee, the United States Trustee, Counsel for Fifth Third Mortgage, Mr. Cottrell at his listed addresses (both business office and personal residence), and any other parties in interest.